

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2009

# USA v. Jermaine Chatman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3464

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jermaine Chatman" (2009). *2009 Decisions.* Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3464
_____

UNITED STATES OF AMERICA

v.

JERMAINE LAMONT CHATMAN,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 4-cr-104)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit LAR 34.1(a)
November 5, 2009

Before: SCIRICA, *Chief Judge*, JORDAN and COWEN, *Circuit Judges*,

(Filed: November 13, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Jermaine Chatman appeals from an order from the United States District Court for

the Western District of Pennsylvania denying his motion to suppress physical evidence.

Because Chatman has failed to preserve certain arguments before the District Court, and

because the District Court otherwise properly denied Chatman's motion to suppress, we will affirm.[1]

## I.      Background

On May 4, 2004, Jermaine Chatman was charged in a three-count indictment for possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count 1"), possession with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) ("Count 2"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I) ("Count 3"). The indictment resulted from a search of Chatman's residence five months earlier.

### A.      *The Search Warrant*

On December 3, 2003, the Allegheny County Police presented a sworn affidavit to District Justice James Hanley, Jr., of Pennsylvania Magisterial District Court 05-2-36, in support of a search warrant for 321 Johnston Street in Hazelwood, Pennsylvania, and for the persons of Jermaine and Brandon Chatman.[2] The affidavit included factual assertions

---

[1]The Notice of Appeal states that Chatman "appeals ... from the order imposing sentence ... ." It is clear, however, that all of defendant's argument is directed to the suppression ruling. We affirm both the suppression ruling and the judgment of conviction and sentence.

[2]Jermaine Chatman's brother, Brandon Chatman, was also indicted on Counts 1 and 2. Court records indicate that Brandon Chatman pled guilty to Count 1 pursuant to a plea

2

of probable cause from a confidential information ("CI") identified as "Voodoo," who described in detail the heroin sales that the Chatman brothers had been conducting out of their home. Voodoo recounted the brothers' physical appearance, offered details about the heroin they sold, and indicated that, from personal observation within the last 48 hours, he[3] knew that "both brothers [were] in possession of heroin in excess of five bricks ... ." (App. at A31.) The affidavit alleged that Voodoo had demonstrated reliability and trustworthiness by previously giving the officers information that led to the arrest and conviction of two other individuals in 1996. In addition, two detectives with the Allegheny police department corroborated Voodoo's information, attesting that they were aware of the Chatman brothers' "dealing of heroin AND crack in Hazelwood on a daily basis." (App. at A32 (emphasis on original).) On those facts, the district justice granted the warrant, finding probable cause for the police to conduct the search.

The next day, on December 4, 2003, detectives executed the search warrant and discovered, among other things, 112 bags of heroin, additional bricks and bags of heroin, several bags of marijuana, large amounts of cash, and various weapons. Chatman was found in possession of a loaded 9 mm pistol.

---

agreement. He has not filed an appeal. All references to "Chatman" refer to Jermaine Chatman, not Brandon Chatman.

[3]We use the masculine pronoun for convenience only. It is not clear whether "Voodoo" is a man or a woman.

*B.     Motion to Suppress*

On March 16, 2008, Chatman filed several pre-trial motions, the relevant one of which is, for present purposes, his motion to suppress physical evidence obtained during the December 4 search. The motion to suppress included the following contentions:

> 4. [The] search warrant was obtained via the alleged reliability of an anonymous CI—named Voodoo;
> 5. The Government concludes Voodoo is reliable due to information provided to Investigators in the past that led to convictions—specifically—two cases in 1996 against C. Lapen and W.R. Hall;
> 6. [Defense] counsel is unable to locate a 1996 case against W.R. Hall to properly research the reliability of the information given to law enforcement due, in part, to the lack of the full name listed in the affidavit of probable case;
> 7. In fact the ujsportal website [sic] reveals no case in 1996 where the Defendant's last name was "Hall", first initial "W" in 1996 in Allegheny County;
> 8. The past reliability is stale due to the seven (7) years between the alleged accurate information in 1996 and the instant investigation;
> 9. Voodoo may not have been used by law enforcement for seven (7) years due to credibility concerns;

(App. at A38.)

On April 9, 2008, the Government filed a response to Chatman's motion to suppress and gave the full names and details of conviction for the two cases in which Voodoo had previously served as a CI. The government also contended that there is no legal support for Chatman's "staleness of the CI" argument, and it argued that Voodoo's

4

"fresh ... extremely detailed, and corroborated" information sufficiently demonstrated his reliability.[4]  (App. at A45 n.2.)

The District Court denied the motion to suppress, concluding that "the information contained in the affidavit presented to the district justice provided a substantial basis for concluding that a search would uncover drug-related evidence in the defendant's residence."  (App. at A11.)  Chatman voiced no objection to the adequacy of the District Court's ruling, nor to the Court's disposition of the motion to suppress without a hearing.

### C.     Guilty Plea

Chatman subsequently pled guilty to Counts 1 and 3 of the indictment.  He was sentenced to 93 months of imprisonment (33 months for Count 1and 60 months for Count 3), followed by a three-year term of supervised release as to both Counts 1 and 3, to be served concurrently, and he filed a timely notice of appeal.

## II.     Discussion[5]

Chatman argues that the District Court erred in denying his motion to suppress and

---

[4]The government also argued that even if the court were to conclude that probable cause was insufficient, suppression should be denied on the basis of the good-faith exception.

[5]The District Court had jurisdiction to hear this case under 18 U.S.C. § 3231.  We have appellate jurisdiction over the final decision of the District Court pursuant to 28 U.S.C. § 1291.  We review a District Court's decision about whether to hold an evidentiary hearing on a motion to suppress under an abuse of discretion standard.  *United States v. Jihad*, 159 Fed. Appx. 367, 378 (3d Cir. 2005).  We review a District Court's denial of a motion to suppress for clear error as to the underlying factual findings, and we exercise plenary review as to the District Court's application of the law to those facts.  *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

in failing to hold a hearing on the motion. (Appellant's Op. Br. at 12.) It appears that he is attempting to raise a *Franks*[6] challenge on appeal, arguing that the police affiant knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions in the affidavit of probable cause.

"It is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005). *See also Brown v. Phillip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001) (same).

More specifically, we have held that, "in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely on in this Court." *Lockett*, 406 F.3d at 212; *see also United States v. Neumann*, 887 F.2d 880, 886 (8th Cir. 1989) ("[B]ecause the ground for suppression urged on appeal was neither presented to nor ruled upon by the trial court, we decline to review Neumann's challenge to the warrant."). Similarly, Federal Rule of Criminal Procedure 12(e) provides that "[a] party waives any [pretrial] defense, objection, or request not raised ... ." FED. R. CRIM. P. 12(e).

---

[6]In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," a hearing must be held upon the defendant's request. *Id*. at 155-56.

Although Chatman contends that he preserved his right to raise a *Franks* challenge in his March 16, 2008 motion to suppress, that motion, as presented to the District Court, was grounded exclusively on the reliability of Voodoo as a CI, and on Chatman's belief that Voodoo's reliability required further substantiation. Nowhere in his motion to suppress or supporting papers did Chatman challenge the truthfulness of the substance of Voodoo's information (which included details about the Chatman brothers' drug operation, their residence, and their physical appearance) or suggest that the affiant knew that Voodoo's information was false. Nor did Chatman request a *Franks* hearing. The argument was simply that the CI was unreliable because his information was stale and unsubstantiated.

By advancing a new theory on appeal, Chatman is attempting to do precisely what our precedent forbids. Having failed in the District Court to raise the issue of Voodoo's veracity or to request a *Franks* hearing, Chatman cannot raise those arguments now.[7]

---

[7]The government alternatively argued that the waiver provision contained in Chatman's plea agreement also bars the present appeal. As part of his plea agreement, Chatman agreed to waive his right to appeal, subject to enumerated exceptions, including one allowing him to take a direct appeal of the "the denial of the Motion to Suppress ... ." (App. at A50.) During the change of plea hearing, the District Court explicitly advised Chatman of his waiver of the right to appeal and of the narrow exceptions to that waiver. The Court again advised Chatman of his waiver and its exceptions at the sentencing hearing held on August 7, 2008. Because we find that Chatman failed to preserve the *Franks* issues for appeal, we need not address whether they fall within the explicit appellate waiver provision in the plea agreement Chatman negotiated with the government.

7

To the extent that Chatman continues to argue, as he did below, that the affidavits submitted in support of the search warrant did not contain facts sufficient to establish probable cause, we hold that the District Court was correct when it held that "the information contained in the affidavit ... provided a substantial basis for concluding that a search would uncover drug-related evidence in the defendant's residence." (App. at A11.)

## III. Conclusion

Because Chatman failed to preserve his arguments based on *Franks*, and because the District Court properly denied Chatman's motion to suppress, we will affirm the denial of the motion and the judgment of conviction and sentence.